Ronnie Dwayne McKEE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00296–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 6, 1993.

**90**

Brian W. Wice, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of theft from person. The jury found two enhancement paragraphs to be true, and assessed punishment at twenty-six years and one day confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant brings five points of error. We affirm.

On May 21, 1991, between one and two in the morning, the Complainant was driving home to Webster, Texas from the astrodome area in Houston. She had been to a club and had drunk four or five alcoholic drinks on an empty stomach. She was traveling on the 610 Loop towards Interstate Highway 45 when she began to feel ill. She exited on Scott street, pulled over to the side of the road, leaned out of her car, and vomited. The Complainant testified that when she sat back up in her car, the Appellant was sitting next to her in the passenger's seat. She testified that he demanded all of her jewelry and her car. She gave him her jewelry but begged him not to take her car, because she was in unfamiliar territory and a long way from her apartment. She offered the Appellant her purse in return for her car. He did not respond. The Complainant got out of her car and went to her trunk to retrieve her purse. At that time, the Appellant moved over to the driver's seat and drove away. The Complainant reported the incident to the police, but lied to them by saying Appellant had threatened her with a gun. She believed that this would make the police "try harder" to find her assailant.

On May 22, 1991, at approximately 12:30 a.m., Sergeant Boyce spotted a maroon Chevrolet Beretta that matched the description of the reported, stolen vehicle. He followed the car and a chase ensued. The Appellant bailed out of the moving vehicle and began running on foot. He was eventually apprehended and voluntarily told the police, "I stole that car but I didn't rob that lady." Appellant was taken into custody by Officer Stephens, and was identified by the Complainant as the man who had robbed her and stolen her car.

In his first point of error, Appellant contends that the trial court erred in restricting his cross examination of Officer Stephens. In a bill of exception, Appellant established that Officer Stephens is paid overtime by the Houston Police Department when he testifies in court at a time when he is not on duty. Appellant claims that this shows bias on the part of the

Officer, and should have been presented to the jury.

An accused should be given great latitude to establish a witness' biases or motives in testifying. *Hodge v. State*, 631 S.W.2d 754, 758 (Tex.Crim.App.1982). However, the trial court has considerable discretion in determining how and when bias may be proven. *Id.* "The extent to which a witness may be cross-examined for the purpose of showing bias on a collateral matter rests on the sound discretion of the trial judge." *Id.* In *Hodge*, the defense counsel desired to question a police officer concerning his financial condition and the fact that he was being paid time and a half for testifying. The Court of Criminal Appeals held that "while the trial court could have easily allowed the appellant to show what was developed on the bill of exception, we can find no abuse of discretion in refusing to do so under the circumstances." *Hodge* at 758. Likewise, we find that the excluded evidence was not to show bias. Officer Stephens testified that he is paid to appear in court. He never established that he is only paid, or paid more, if a conviction is obtained. Nor did he testify that he is *not* paid if he testifies for the Defense rather than the State. Based upon the evidence established in the bill of exception, we find that the trial court did not abuse its discretion in excluding the testimony. We overrule Appellant's first point of error.

In his fifth point of error, Appellant contends that the trial court erred in excluding his explanation about why he exercised his right to a trial by jury. Why Appellant chose to be tried by a jury instead of the Court is not relevant.

In order for evidence to be admissible, it must be relevant. Relevant evidence is evidence which "tends to establish or refute some fact that is of consequence to the determination of the action." Tex. R.Crim.Evid. 401; *Murphy v. State*, 777 S.W.2d 44, 62 (Tex.Crim.App.1988). The evidence must "logically influence the issue." *Brown v. State*, 757 S.W.2d 739, 740 (Tex.Crim.App.1988). The determination of whether evidence is relevant lies within the

sound discretion of the trial court, and will not be disturbed absent a clear abuse of that discretion. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App.1985) *cert. denied* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

We find that the trial court did not abuse its discretion in omitting the testimony. We overrule Appellant's fifth point of error.

In his second and third points of error, Appellant complains that the trial court erred in allowing the prosecutor to elicit testimony that Appellant had not served his full prison terms for his prior felony offenses. During the punishment phase of the trial, the Appellant took the stand and testified that he had previously been convicted of two offenses. He indicated that he had been punished "physically and mentally" by spending the last nine months in jail. On cross examination, the prosecutor established that the Appellant had previously received two-year and four-year sentences, but that he had only spent a total of nine months in jail. The prosecutor then specifically asked the Appellant how much time he had served on each sentence. Appellant's trial counsel objected that the questions were "improper." Appellant maintains on appeal that these questions violated Tex.Code Crim.Proc.Ann. art. 37.07 (Vernon Supp.1993).

The State contends that the objection lodged at trial was too general to preserve this point for review. We disagree. It is true that a general objection will not normally preserve a point for review. *Meek v. State*, 628 S.W.2d 543, 545 (Tex.App.—Fort Worth 1982, pet. ref'd). However, where the correct ground for exclusion is obvious, no waiver will result from a general or imprecise objection. *Carter v. State*, 717 S.W.2d 60, 76 (Tex. Crim.App.1986) *cert. denied* 484 U.S. 970, 108 S.Ct. 467, 98 L.Ed.2d 407 (1987). These points are properly before this Court.

Article 37.07 § 4(d) provides that "This section does not permit the introduction of evidence on the operation of parole and good conduct time laws." Ap-

pellant contends that the State's questions and the elicited answers introduced evidence on the operation of parole laws. We agree. However, otherwise inadmissible evidence can be introduced during cross examination if the Appellant has opened the door to that issue. *Ortiz v. State*, 834 S.W.2d 343, 346 (Tex.Crim.App.1992).

 When a party introduces matters into evidence, he invites the other side to reply. *Kincaid v. State*, 534 S.W.2d 340, 342 (Tex.Crim.App.1976). On direct examination by his attorney, Appellant testified that he had twice before been convicted but he had only spent a total of nine months in jail. We find that the State was properly permitted to cross examine the Appellant about the sentences he received, and the amount of time he spent in jail. Appellant clearly opened the door. Further, the State did not stray beyond the scope of the Appellant's invitation. Accordingly, the second and third points of error are overruled.

In his fourth point of error, Appellant claims that the trial court erred in allowing the prosecutor to argue to the jury that they should "forget about" the third page of the charge, which dealt with the enhancement paragraphs.

During punishment, Appellant took the stand and admitted that he had already been convicted of two offenses. During the State's final argument, the prosecutor urged the jury to "forget about those last three pages of this Charge." The prosecutor argued that:

> The State has proven beyond any doubt at all that this defendant has been twice before convicted of felony offenses, not only through the testimony of Deputy McDonald and showing you the penitentiary packets, but also in the defendant's own testimony.... So therefore, those last three pages have nothing to do with this case and you would not be following the law if you did not find both of those enhancement paragraphs to be true.

We find the argument to be a proper comment on the testimony, and a recognition that Appellant had admitted his prior offenses. Therefore, the jury should have

found the enhancements to be true. Appellant's fourth point of error is overruled.

The judgment is affirmed.