IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-601-CR





BARRY CROTHERS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0924473, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





 Appellant Barry Crothers was indicted for the offenses of aggravated robbery in
separate counts. The jury found appellant guilty of the lesser included offense of robbery in each
count. After appellant entered a plea of "true" to the enhancement allegations of two prior felony
convictions, the trial court assessed punishment at forty years' imprisonment on each count with
concurrent sentences. (1)

 Appellant advances five points of error all of which concern the exclusion of the
testimony on cross-examination of Officer Andrew William Haynes. In the first three points of
error, appellant contends that "the trial court erred in interpreting" Rules 701, 401, and 402
(apparently meaning 403) of the Texas Rules of Criminal Evidence. Tex. R. Crim. Evid. 701,
401, 402 and 403. In his fourth and fifth points of error, appellant urges that the trial court erred
in excluding Haynes's testimony in violation of his right to cross-examination and confrontation
under the Sixth Amendment to the United States Constitution and Article one, section ten of the
Texas Constitution.

 The sufficiency of the evidence to sustain the conviction is not challenged. A brief
summary of the facts will, however, place the points of error in proper perspective. Brian McGee
testified that on the evening of January 27, 1992, he and his girlfriend, Laura Colleen Cude,
attended a concert on the campus of the University of Texas at Austin. After the concert, they
went to the house McGee shared with a step-brother located at 1701 East Martin Luther King
Drive. Shortly before midnight, McGee and Cude walked two blocks east to a convenience store
to purchase beer before closing time. McGee and Cude had been quarrelling about the concert
and another girlfriend of McGee's. Cude purchased her beer and left the store without McGee. 
Obtaining his beer, McGee left the store but he did not see Cude. Three men were in front of the
laundromat next to the store. One was a one-armed man whom McGee had seen in the
laundromat on a previous occasion, and who was later identified as appellant. McGee inquired
if the men had seen which way "that girl" had gone. They offered to tell McGee if he gave them
a dollar. McGee walked on, and as he rounded the corner on Poquito Street he saw Cude ahead
of him.

 About this time a car abruptly stopped. The driver got out and grabbed McGee. 
Two other men began to hit and beat McGee and demand money. One of these men was the one-armed man McGee had seen previously. McGee told them that he had no money. His wallet was
taken, examined, and discarded. McGee was then able to break free. He ran home and called
the police.

 Cude testified that she walked ahead of McGee after purchasing beer. She saw the
men at the laundromat who shouted obscenities at her. One of the men had one arm. She walked
on until she reached a park where she stopped to wait for McGee. After waiting for seven to ten
minutes, Cude saw a car approach. A man exited the car, and as she started to walk away, two
men came up behind her. They hit her about the head and face and demanded money. They took
some food stamps and personal items. Cude had no money. She believed the three men involved
were the three men at the laundromat. The one-armed man tried to get her into the car, but she
broke his grip and ran to McGee's house, where he was already awaiting the police.

 Dr. Neil Miller testified that the blow to Cude's face resulted in a complex fracture
of her right cheek bone and required delicate surgery.

 Austin Police Officer Haynes responded to McGee's call reporting a robbery. At
McGee's house, he found both McGee and Cude. McGee's face was swollen on both sides and
he had a cut on his hand. Cude had a black eye that was swollen shut, her lip "was busted," and
she was bleeding. Haynes returned McGee and Cude to the scene where the alleged robberies
occurred. No evidence pertaining to the robberies was recovered. Both McGee and Cude
described the one-armed assailant and referred to him as "Shorty."

 In his cross-examination of Officer Haynes, appellant established that Cude had
mentioned a car being involved in her robbery, but McGee had not reported seeing a car. Haynes
related that Cude had reported she was "lost" at the time of the robbery. (2) Appellant was generally
able to explore the facts of Haynes's investigation.

 Officer Joseph Stanish testified that he arrested the one-armed appellant several
days after the incident when McGee spotted appellant on the street and notified the police. Police
Sergeant Stephen Mallon testified that, after the alleged robberies, Cude could not identify
appellant out of a photographic display when appellant was the only one-armed man in the
photographic line-up. (3)

 Appellant offered no evidence at the guilt/innocence stage of the trial.

 With this factual background, we turn to the points of error. On cross-examination
of Officer Haynes, appellant established that in the area in question, the police had problems with
illicit drug sales including assaults in retaliation "for drug deals gone bad," territorial disputes
between drug sellers, and robberies involving drugs and money. When appellant continued his
interrogation, the State requested that the jury be removed, and complained that appellant was
about to elicit opinion testimony in violation of the order granting the State's motion in limine.

 The hearing in the jury's absence is labeled "voir dire examination" but included
colloquy at the bench and a bill of exception. The hearing provided the basis of all of appellant's
points of error.

 Appellant elicited from Haynes that, after interviewing McGee and Cude, a
question arose in his mind as to whether there had been a robbery or a robbery related to an illicit
drug transaction. The record reflects:



A: In my opinion, it could have possibly been a dope rip-off.


Q: And you aren't saying it was or was not?


A: That is correct.



The officer explained that people walk "in this area with an attempt to purchase drugs and when
they get there with no means of transportation and they are beaten up and robbed, they make a
report of the robbery and they won't tell the truth about the actual purchase of narcotics or trying
to purchase it." The State elicited from Haynes that he had not previously known "these people";
that he had no personal knowledge that any drug transaction occurred between McGee, Cude, and
appellant; that he did not observe any interaction between McGee, Cude, and the three suspects;
and that he had not observed any drug paraphernalia or drugs in the area where the incidents
occurred. The State also established that Haynes had only a "gut feeling" and no hard evidence
of a drug deal.

 The State objected that Haynes's "opinion" could not be based on personal
knowledge. Appellant pointed out that Haynes was "not being asked to give an opinion that one
thing did or did not happen, but simply to point out to the jury that there are other possibilities
that can exist with a fact situation such as we are talking about here." Appellant's trial counsel
added: "Your Honor, we are trying to raise some doubt in the jurors' minds as to whether or not
this actually was a robbery as described by them." The trial court sustained the State's objection,
noting that the testimony was not rationally based on any perception and there was no evidence
supporting the speculation.

 Rule 701 of the Texas Rules of Criminal Evidence provides:



If the witness is not testifying as an expert, his testimony in the form of opinions
or inferences is limited to those opinions or inferences which are (a) rationally
based on the perception of the witness and (b) helpful to a clear understanding of
his testimony or the determination of a fact in issue.



 The first requirement of Rule 701 incorporates the personal knowledge requirement
of Rule 602. Tex. R. Crim. Evid. 602. (4) This first requirement "insists on a rational connection
between the opinion expressed and the data upon which it is based; that is, the opinion must be
one that a reasonable person could draw from the facts. If the underlying facts do not logically
lead to the witness's opinion, it should be excluded." 2 Steven Goode, Olin Guy Wellborn III &
M. Michael Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 701.2 at 4-5
(Texas Practice, 2d Ed. 1994) (hereinafter Goode). Whether the proffered opinion testimony
meets the first and second requirements of the rule will be a function of the facts of the individual
case. Goode, § 701.2 at 9. Ultimately, much must be left to the discretion of the trial court
under Rule 701. Austin v. State, 794 S.W.2d 408, 410 (Tex. App.--Austin 1990, pet. ref'd). 
Thus, the trial court's decision to admit or exclude testimony under Rule 701 should be overturned
only when the trial court has abused its discretion. Goode, § 701.2 at 9.

 Given the circumstances, the testimony proferred did not meet the requirements of
Rule 701, and the trial court did not abuse its discretion in excluding the testimony. Moreover,
error may not be predicated upon a ruling which excludes evidence unless a substantial right of
the party is affected. Tex. R. Crim. Evid. 103(a). Appellant's first point of error that the trial
court misinterpreted Rule 701 in excluding the testimony is overruled.

 Next, appellant urges that the trial court misinterpreted Rule 401 in excluding the
"opinion" testimony of Officer Haynes. Relevancy is determined when the evidence has a
tendency to make the existence of any fact that is of consequence to determination of the case
more probable or less probable than it would be without such evidence. Tex. R. Crim. Evid. 401. 
The evidence must "logically influence the issue." Brown v. State, 757 S.W.2d 739, 740 (Tex.
Crim. App. 1988); McKee v. State, 855 S.W.2d 89, 91 (Tex. App.--Houston [14th Dist.] 1993,
no pet.). The determination of whether evidence is relevant lies within the sound discretion of
the trial court, and will not be disturbed absent an abuse of discretion. Moreno v. State, 858
S.W.2d 453, 463 (Tex. Crim. App. 1993); Johnson v. State, 698 S.W.2d 154, 160 (Tex. Crim.
App. 1985), cert. denied, 479 U.S. 871 (1986).

 In the instant case, the trial court sustained the State's objection to the testimony
on the basis of Rule 701. If appellant contends that independent of that ruling, the testimony was
admissible under Rule 401, we do not find where appellant called that matter to the trial court's
attention or objected to the exclusion of the evidence under Rule 401. See Tex. R. App. P. 52(a). 
Moreover, the record page number cited (5) by appellant pertains to a matter other than the
"opinion" testimony. After the earlier ruling, the trial court asked appellant's counsel if he had
other questions of Haynes for the purpose of the hearing. Counsel responded that he intended to
ask Haynes about "crime out there in the vicinity" but "not ask for an opinion." Counsel
informed the trial court that the relevancy of the inquiry was to provide a factual basis for jury
argument. Without more, the trial court found no relevancy. Appellant did not perfect a bill of
exception to show what other evidence he would have offered. See Tex. R. App. P. 52(b); Tex.
R. Crim. Evid. 103(a)(2)(b). We are unable to appraise this ruling of the trial court. Virts v.
State, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987); Koehler v. State, 679 S.W.2d 6, 9 (Tex.
Crim. App. 1984); Navarro v. State, 863 S.W.2d 191, 199 (Tex. App.--Austin 1993, pet. filed). 
Point of error two is overruled.

 In his third point of error, appellant contends that the trial court misinterpreted (6)
Rule 403 (7) in excluding Officer Haynes's testimony. Rule 403 of the Texas Rules of Criminal
Evidence provides: "Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by consideration of undue delay or needless presentation of cumulative evidence."

 In the instant case, the only reference to the language of Rule 403 is found in the
trial court's ruling denying the request to present evidence of "other crimes in the vicinity." No
bill of exception was perfected and nothing is presented for review. Virts, 739 S.W.2d at 29. 
With regard to the bill of exception perfected as to Officer Haynes's testimony, we do not find
that the rule was called to the trial court's attention nor was there an objection to the exclusion
of the testimony based on the rule. See Tex. R. App. P. 52(a). The error, if any, was not
preserved for review. Point of error three is overruled.

 In his fourth and fifth points of error, appellant contends that in excluding Officer
Haynes's testimony the trial court violated appellant's right to confrontation and cross-examination
of witnesses under the Sixth Amendment to the United States Constitution and article one, section
ten of the Texas Constitution.

 The right of cross-examination is secured to the defendant in a criminal case by the
federal and state constitutional guarantees of an accused's right to confront the witnesses against
him. 24 Tex. Jur. 3d, Criminal Law § 3293 at 696 (1982). The Sixth Amendment's right of
confrontation and cross-examination is a fundamental right and is applicable to the states by virtue
of the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403 (1965); Shelby v. State, 819
S.W.2d 544, 546 (Tex. Crim. App. 1991). The confrontation clause of the Sixth Amendment
does not, however, prevent the trial court from imposing reasonable limits on the right of cross-examination. On the contrary, trial courts retain a wide latitude insofar as the confrontation
clause is concerned to impose reasonable limits on cross-examination, based on concerns about,
among other things, harassment, prejudice, confusion of issues, the witness's safety or
interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall, 475 U.S.
673, 679 (1986); Ramos v. State, 819 S.W.2d 939, 941 (Tex. App.--Corpus Christi 1991, pet.
ref'd). "[T]he confrontation clause guarantees an opportunity for effective cross-examination, not
cross-examination that is effective in whatever way, and to whatever extent, the defendant might
wish." Delaware v. Fenstorer, 474 U.S. 15, 20 (1985). Thus, the confrontation clause is not a
talisman justifying forays into matters that are collateral to the issues at trial. See Gutierrez v.
State, 764 S.W.2d 796, 799 (Tex. Crim. App. 1989); Chipman v. Mercer, 628 F.2d 528, 531 (9th
Cir. 1980) (stating that "some topics may be of such minimal relevance that the trial court would
be justified in either totally prohibiting cross-examination about them or in allowing only limited
questioning").

 A defendant is entitled to a fair opportunity to cross-examine a State's witness. 
However, cross-examination must comply with the rules of evidence and its scope lies within the
sound discretion of the trial court. Wright v. State, 491 S.W.2d 936, 939 (Tex. Crim. App.
1973); Burrough v. State, 672 S.W.2d 860, 871 (Tex. App.--Corpus Christi 1984, no pet.);
Morgan v. State, 644 S.W.2d 766, 772 (Tex. App.--Dallas 1982, no pet.); see also Tucker v.
State, 771 S.W.2d 523, 531-32 (Tex. Crim. App. 1988).

 In the instant case, the trial court restricted the cross-examination of Officer Haynes
only to the extent of non-compliance with the rules of evidence. This discretionary authority was
not exercised in such a manner as to violate the Sixth Amendment and prevent appellant as a
matter of right from sufficiently cross-examining the officer. See Alford v. United States, 282
U.S. 687, 692 (1931); United States v. Garza, 754 F.2d 1202, 1206 (5th Cir. 1986); Harrison
v. State, 630 S.W.2d 350, 352 (Tex. App.--San Antonio 1982, no pet.). The purpose of cross-examination is to test the accuracy and credibility of witnesses. The manner and extent of such
inquiry must rest within the trial court's discretion. Harrison, 630 S.W.2d at 352; see also
United States v. Bourgeois, 950 F.2d 980, 986 (5th Cir. 1992). We conclude, under the
circumstances, the trial court did not abuse its discretion under the Sixth Amendment. Point of
error four is overruled.

 Appellant urges that a more stringent interpretation be given to article one, section
ten of the Texas Constitution than that given to the Sixth Amendment. See Heitman v. State, 815
S.W.2d 681, 690 (Tex. Crim. App. 1991). We are at liberty to interpret our own state
constitution as providing greater safeguards than the federal constitution. Heitman did not plow
new ground in this regard. See Olson v. State, 484 S.W.2d 756, 762 (Tex. Crim. App. 1972)
(op. on rehearing). Appellant has not cited and we have not found any judicial decision
construing the state constitutional provision as imposing a greater level of protection than the
federal standard discussed. Appellant has not presented any compelling argument for such action
on our part, and we do not perceive any justification for doing so in the instant case. See
Gonzales v. State, 818 S.W.2d 756, 764 (Tex. Crim. App. 1991); DeFreece v. State, 829 S.W.2d
251, 256 n.3 (Tex. App.--El Paso 1992), rev'd on other grounds, 848 S.W.2d 150 (Tex. Crim.
App. 1993). Point of error five is overruled.

 The judgment is reformed to reflect concurrent sentences of forty years;
imprisonment on each count. As reformed, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion

Reformed and, as Reformed, Affirmed

Filed: May 4, 1994

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1. It is clear from the statement of facts that this was the punishment assessed. The formal
judgment is reformed to reflect concurrent sentences of forty years' imprisonment for robbery.
2. Cude had explained that she had never been in the area at night before but knew the general
direction of McGee's house.
3. Cude made an in-court identification of appellant based on her observations the night of the
robbery. She explained that at the time of the photographic line-up she was sick and that her eyes
were swollen shut.
4. Rule 602 provides in pertinent part: "A witness may not testify to a matter unless evidence
is introduced to support a finding that he has personal knowledge of the matter."
5. See Tex. R. App. P. 74(f). 
6. If the trial court's decision is correct on any theory of the law applicable to the case, it will
be sustained even when the trial court gives the wrong reason for its decision. Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990). This is especially true with regard to the
admission of evidence. Id.; Dugard v. State, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985).
7. In his brief appellant refers to "Rule 402." See Tex. R. Crim. Evid. 402. It is clear from
the language in the brief and oral argument before this Court that appellant intended reference to
Tex. R. Crim. Evid. 403.