Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion
filed September 26, 2002.                                                        

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01030-CR

____________

 

GUY HAMPTON
FLEMING, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



On Appeal from the
228th District Court

Harris
 County, Texas

Trial Court Cause
No. 884,614




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            A jury convicted appellant, Guy
Hampton Fleming, of delivery of methamphetamine weighing between four and
two-hundred grams and assessed a twenty-year prison term and a $5,000
fine.  In two points of error, appellant
argues the trial court erred in denying his request for a curative instruction
and in admitting evidence of an extraneous offense.  We affirm.

            On March 8, 2001, an informant and an undercover officer with
the Harris County Narcotics Task Force arrived at appellant’s trailer to buy one
ounce of methamphetamine for $1,000.  The
informant entered the trailer briefly, and upon leaving was seen being handed a
package by appellant.  The informer (who
did not testify at trial) gave the package to the undercover officer, and later
tests showed it contained methamphetamine. 
According to appellant (who did testify), he and the informant discussed
purchase of a travel trailer, and the package of methamphetamine was supplied
by the informant who wanted to use it as part of the purchase price.

            The undercover officer then approached
appellant’s trailer, took out his wallet, and asked appellant “How much was
it?”  Appellant responded, “you know, $1,000. 
That’s what I told you.”  Appellant
was then arrested.  The State sought to
prove appellant was selling methamphetamine; appellant’s defense was that he
was only selling a trailer.  The jury
agreed with the State.

Instructions to Disregard

            In his first point of error,
appellant argues the trial court should have granted his request for an
instruction to disregard certain testimony from the undercover officer.  The following exchange took place during the
prosecutor’s direct examination of the undercover officer:

Q:        Did
you search the rest of the trailer?

A:        No
I did not.  

Q:        What did you do?

A:        I mainly gathered the evidence and the information.

Q:        Okay. 
What evidence and what information?

A:        They found some more – some tablets of Xanax
at that location.

Q:        Did you find any sort of prescription
for the Xanax?

A:        No, Sir.  

Q:        What did you do after gathering
information and gathering the evidence?

[DEFENSE COUNSEL]:      I object
to the evidence about the Xanax being
introduced.  

THE COURT:                        Rephrase
the question.  Sustained.

Q:
       What did you do after gathering the
information?

A:        After gathering all the evidence –

[DEFENSE COUNSEL]:      Your Honor, I request that you
instruct the jury to disregard all the information about the Xanax.  

THE COURT:                        That request is
denied.  Next question.  

 

Even assuming appellant’s request for an instruction was
timely and the trial court erred in denying the request, we find no error
requiring reversal.  During presentation
of the defense case, appellant testified that the informant was trying to set
him up.  The trial court had discretion
to admit evidence of appellant’s possession of illegal contraband (Xanax without a prescription) on the ground that it was
relevant as to whether he was inclined to possess and sell other contraband. See Rogers v. State, 853 S.W.2d
29, 32 (Tex. Crim. App. 1993).  Although this evidence may have been
premature during the state’s case, appellant’s subsequent testimony rendered
its admission harmless.  See Rubio v. State, 607
S.W.2d 498, 502 (Tex. Crim. App. 1980).  

Furthermore, we must disregard any error unless it affected
the appellant’s substantial rights.  See Tex.
R. App. P. 44.2(b).  A substantial right is affected when the
error has a substantial and injurious effect or influence in determining the
jury’s verdict.  King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997).  Here, the only mention of Xanax
was in this brief direct examination.  It
was not brought up again or referred to in either closing arguments or
punishment.  Consequently, we conclude
that any error could not have had a substantial and injurious effect on the
jury’s verdict.  Appellant’s first point
of error is overruled.

Extraneous Offense

In
his second point of error, appellant asserts the trial court erred in admitting
evidence that appellant sold methamphetamine to the undercover officer on a
prior occasion.  After appellant
testified that he knew nothing about a sale of narcotics and had never seen the
undercover officer before, the State recalled the officer to testify.  In his rebuttal testimony, the officer
testified he and the informant had purchased a much smaller amount of methamphetamine
from appellant two months earlier, but had deferred making an arrest pending
arrangements for a larger transaction.

The
State again argues that the appellant failed to preserve error.  Although appellant objected several times to
the prior offense testimony on grounds that the testimony was “irrelevant,”
appellant never specifically objected based on Rule 404(b), the ground he
asserts on appeal.  But after his final
objection, the trial court conducted a bench conference off the record, and
then stated:

THE
COURT:  Let the record reflect the
objection to this testimony is overruled and that the defense has a continuing
objection to this extraneous offense.  

 

When the specific basis for the objection can be determined
from the context, a general objection may be enough to preserve error.  Tex. R. App. P. 33.1; Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).  It seems clear that the trial court
understood appellant’s objection to be based on Rule 404(b).  See Zillender, 557 S.W.2d at 517; McKee v. State, 855 S.W.2d 89, 91 (Tex. App.—Houston [14th Dist.]
1993, no pet.).  Therefore, appellant has
preserved error.  

We review the trial court’s ruling under an abuse of
discretion standard.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). 
Appellant does not raise Rule 403 on appeal, and consequently we do not
decide whether the evidence should have been excluded because the probative
value of the evidence was substantially outweighed by the danger of unfair
prejudice.  

Rule 404(b) prohibits admission of character evidence solely to show that a defendant conformed
to that character on this occasion.  Tex. R. Evid. 404(b).  While
evidence of other crimes, wrongs or acts may have a tendency to show character in
conformity, the rule allows such evidence when it also has relevance apart from
proof of character conformity, such as rebuttal of a defensive theory.  Powell,
63 S.W.3d at 439. 


In this case, appellant’s defense was that the informant was
trying to set him up.  Appellant’s prior
contact with the undercover officer in the presence of the same informant and
in the context of a narcotics transaction makes it less probable that appellant
misunderstood what the officer was offering to purchase, or it is at least subject
to reasonable disagreement that the evidence had probative value apart from
character conformity.  

Thus, we overrule appellant’s second point of error and
affirm the judgment of the trial court.

                                                                                                                                                                                                                                                            

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

 

Judgment
rendered and Opinion filed  September 26, 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Do
Not Publish — Tex. R.
App. P. 47.3(b).