COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-297-CR

SON H. PHAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Son H. Pham appeals from his conviction for assault by causing bodily injury to a family member.  We affirm.

Appellant was charged with intentionally or knowingly causing bodily injury to his wife, R.A., by choking or hitting her with his hand.  In his first point, appellant complains that the trial court improperly admitted evidence that he allegedly assaulted R.A. a week before the date of the charged assault.

“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.”
(footnote: 2)  This evidence may be admissible, however, when it has relevance apart from character conformity, such as when it is offered to rebut a defensive theory.
(footnote: 3)  Further, otherwise inadmissible evidence may be introduced if the appellant has opened the door to the evidence, thereby inviting the State to respond.
(footnote: 4)
 We review a trial court’s decision to admit evidence for an abuse of discretion.
(footnote: 5)  We must uphold the ruling if it is within the zone of reasonable disagreement.
(footnote: 6)
 In this case, appellant’s defensive theory was that R.A. had filed a false police report accusing appellant of assaulting her on April 7, 2005, but her injuries—scratches on her neck—were actually caused by her child and were old injuries that just happened to be bleeding on April 7.

Barbara Kelly, the arresting officer, testified that she examined the fingernails of R.A.’s child, and they were not long or sharp.  After the defense cross-examined Officer Kelly regarding its defensive theory, the trial court allowed the State to introduce evidence that Officer Kelly had also responded to a domestic disturbance call a week earlier, on March 30, during which she had observed scratch marks and bruising on R.A.’s neck.  Officer Kelly testified that the scratch marks and bruising appeared to be from choking, that R.A. had gone to a shelter, and that appellant had been ticketed for a Class C misdemeanor with regard to that incident.

The trial court reasonably could have concluded that the March 30 evidence was relevant apart from character conformity to rebut appellant’s defensive theory that the April 7 report was false and that R.A.’s child had caused her injuries.
(footnote: 7)  Therefore, we hold that the trial court did not abuse its discretion by admitting this evidence.
(footnote: 8)  We overrule appellant’s first point.

In his second point, appellant complains that the trial court improperly denied his request for a jury charge on the lesser included offense of assault by contact. 

Penal Code section 22.01(a) provides that person commits assault if he

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person’s spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person’s spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.
(footnote: 9)

An offense under subsection (1) is a Class A misdemeanor; an offense under subsection (2) or (3) is a Class C misdemeanor.
(footnote: 10)
 In this case, appellant was charged under subsection (1) with “knowingly or intentionally caus[ing] bodily injury to [R.A.,] a member of [appellant’s] family or household, by choking her with his hand, or by hitting her with his hand,” and the trial court charged the jury accordingly.  Appellant contends that he was also entitled to a jury charge based on subsection (3).
(footnote: 11)
 We use a two-step analysis to determine whether an appellant was entitled to a lesser included offense instruction.
(footnote: 12)  First, the lesser offense must come within article 37.09 of the code of criminal procedure.
(footnote: 13)  Under article 37.09, 
an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.
(footnote: 14)  This inquiry is a question of law.
(footnote: 15)  It does not depend on the evidence to be produced at trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser included offense.
(footnote: 16)
 Here, to establish the offense that appellant was charged with—intentionally or knowingly causing bodily injury to R.A.—the State was not required to prove that appellant knew or reasonably should have believed that R.A. would regard the contact as offensive or provocative.
(footnote: 17)  Accordingly, assault by contact under subsection (3) is not, under the circumstances of this case, a lesser included offense of assault by causing bodily injury under subsection (1),
(footnote: 18) and the trial court did not err by refusing to charge the jury on assault by contact under subsection (3).  Therefore, we overrule appellant’s second point and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED: January 3, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. Evid.
 404(b); 
see Montgomery v. State,
 810 S.W.2d 372, 386 (Tex. Crim. App. 1990) (op. on reh’g).

3:
Powell v. State,
 63 S.W.3d 435, 438-39 (Tex. Crim. App. 2001); 
Montgomery,
 810 S.W.2d at 387-88.

4:
McKee v. State,
 855 S.W.2d 89, 92 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

5:
Powell,
 63 S.W.3d at 438.

6:
Id.

7:
Hilliard v. State,
 881 S.W.2d 917, 920 (Tex. App.—Fort Worth 1994, no pet.), 
disapproved on other grounds by Leday v. State,
 983 S.W.2d 713 (Tex. Crim. App. 1998), on which appellant relies, is inapposite because in 
Hilliard
 the State did not put on any evidence that connected the appellant to the extraneous offense evidence.

8:
Appellant forfeited his complaint that the State improperly called R.A. as a witness solely for the purpose of impeaching her, because he did not raise this complaint in the trial court.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).

9:
Tex. Penal Code Ann.
 § 22.01(a) (Vernon Supp. 2007).

10:
Id.
 § 22.01(c).

11:
Appellant did not request a jury charge based on subsection (2).

12:
Hall v. State
, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); 
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).

13:
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006); 
Moore v. State,
 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

14:
Tex. Code Crim. Proc. Ann
. art. 37.09(1); 
see also Hall
, 225 S.W.3d at 536.

15:
Hall
, 225 S.W.3d at 535.

16:
Id.
 at 525, 535-36.

17:
Compare
 
Tex. Penal Code Ann.
 § 22.01(a)(1) 
with
 
Tex. Penal Code Ann. 
§  22.01(a)(3) (Vernon Supp. 2007).

18:
See Hall,
 225 S.W.3d at 525, 535-36.  The ticket for assault by contact that appellant received for the March 30 incident does not affect our holding.  The fact that appellant 
could have
 been charged with assault by contact for the April 7 incident, as well, does not mean that this type of assault is a lesser included offense of the assault by bodily injury for which appellant was 
actually
 charged.