COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-297-CR

 

 

SON H. PHAM                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Son H. Pham appeals from his
conviction for assault by causing bodily injury to a family member.  We affirm.








Appellant was charged with
intentionally or knowingly causing bodily injury to his wife, R.A., by choking
or hitting her with his hand.  In his
first point, appellant complains that the trial court improperly admitted
evidence that he allegedly assaulted R.A. a week before the date of the charged
assault.

AEvidence of
other crimes, wrongs, or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.@[2]  This evidence may be
admissible, however, when it has relevance apart from character conformity,
such as when it is offered to rebut a defensive theory.[3]  Further, otherwise inadmissible evidence may
be introduced if the appellant has opened the door to the evidence, thereby
inviting the State to respond.[4]

We review a trial court=s decision to admit evidence for an abuse of discretion.[5]  We must uphold the ruling if it is within the
zone of reasonable disagreement.[6]








In this case, appellant=s defensive theory was that R.A. had filed a false police report
accusing appellant of assaulting her on April 7, 2005, but her injuriesCscratches on her neckCwere actually caused by her child and were old injuries that just
happened to be bleeding on April 7.

Barbara Kelly, the arresting
officer, testified that she examined the fingernails of R.A.=s child, and they were not long or sharp.  After the defense cross-examined Officer
Kelly regarding its defensive theory, the trial court allowed the State to
introduce evidence that Officer Kelly had also responded to a domestic
disturbance call a week earlier, on March 30, during which she had observed
scratch marks and bruising on R.A.=s neck.  Officer Kelly testified
that the scratch marks and bruising appeared to be from choking, that R.A. had
gone to a shelter, and that appellant had been ticketed for a Class C
misdemeanor with regard to that incident.








The trial court reasonably
could have concluded that the March 30 evidence was relevant apart from
character conformity to rebut appellant=s defensive theory that the April 7 report was false and that R.A.=s child had caused her injuries.[7]  Therefore, we hold that the trial court did
not abuse its discretion by admitting this evidence.[8]  We overrule appellant=s first point.

In his second point,
appellant complains that the trial court improperly denied his request for a
jury charge on the lesser included offense of assault by contact. 

Penal Code section 22.01(a)
provides that person commits assault if he

(1) intentionally, knowingly, or recklessly causes bodily injury to
another, including the person=s spouse;

 

(2) intentionally or knowingly threatens another with imminent bodily
injury, including the person=s spouse; or

 

(3) intentionally or knowingly causes physical contact with another
when the person knows or should reasonably believe that the other will regard
the contact as offensive or provocative.[9]

 








An offense under subsection (1) is a Class A
misdemeanor; an offense under subsection (2) or (3) is a Class C misdemeanor.[10]

 In this case, appellant was charged under
subsection (1) with Aknowingly or
intentionally caus[ing] bodily injury to [R.A.,] a member of [appellant=s] family or household, by choking her with his hand, or by hitting
her with his hand,@ and the
trial court charged the jury accordingly. 
Appellant contends that he was also entitled to a jury charge based on
subsection (3).[11]








We use a two-step analysis to
determine whether an appellant was entitled to a lesser included offense
instruction.[12]  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.[13]  Under article 37.09, an offense is a lesser
included offense if it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged.[14]  This inquiry is a question of law.[15]  It does not depend on the evidence to be
produced at trial but is performed by comparing the elements of the offense as
they are alleged in the indictment or information with the elements of the
potential lesser included offense.[16]








Here, to establish the
offense that appellant was charged withCintentionally or knowingly causing bodily injury to R.A.Cthe State was not required to prove that appellant knew or reasonably
should have believed that R.A. would regard the contact as offensive or
provocative.[17]  Accordingly, assault by contact under
subsection (3) is not, under the circumstances of this case, a lesser included
offense of assault by causing bodily injury under subsection (1),[18]
and the trial court did not err by refusing to charge the jury on assault by
contact under subsection (3).  Therefore,
we overrule appellant=s second
point and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Evid. 404(b); see Montgomery v.
State, 810 S.W.2d 372, 386 (Tex. Crim. App. 1990) (op. on reh=g).





[3]Powell
v. State, 63 S.W.3d 435, 438-39 (Tex. Crim. App. 2001); Montgomery,
810 S.W.2d at 387-88.





[4]McKee
v. State, 855 S.W.2d 89, 92 (Tex. App.CHouston
[14th Dist.] 1993, no pet.).





[5]Powell, 63
S.W.3d at 438.





[6]Id.





[7]Hilliard
v. State, 881 S.W.2d 917, 920 (Tex. App.CFort
Worth 1994, no pet.), disapproved on other grounds by Leday v. State,
983 S.W.2d 713 (Tex. Crim. App. 1998), on which appellant relies, is inapposite
because in Hilliard the State did not put on any evidence that connected
the appellant to the extraneous offense evidence.





[8]Appellant
forfeited his complaint that the State improperly called R.A. as a witness
solely for the purpose of impeaching her, because he did not raise this
complaint in the trial court.  See
Tex.
R. App. P. 33.1(a)(1);
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999).





[9]Tex. Penal Code Ann. '
22.01(a) (Vernon Supp. 2007).





[10]Id. ' 22.01(c).





[11]Appellant
did not request a jury charge based on subsection (2).





[12]Hall
v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau
v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied,
510 U.S. 919 (1993).





[13]Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App.
1998).





[14]Tex. Code Crim. Proc. Ann.
art. 37.09(1); see also Hall, 225 S.W.3d at 536.





[15]Hall, 225
S.W.3d at 535.





[16]Id. at
525, 535-36.





[17]Compare Tex. Penal Code Ann. '
22.01(a)(1) with Tex. Penal Code
Ann. ' 
22.01(a)(3) (Vernon Supp. 2007).





[18]See
Hall, 225 S.W.3d at 525, 535-36.  The
ticket for assault by contact that appellant received for the March 30 incident
does not affect our holding.  The fact
that appellant could have been charged with assault by contact for the
April 7 incident, as well, does not mean that this type of assault is a lesser
included offense of the assault by bodily injury for which appellant was actually
charged.